IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

**UNITED STATES OF AMERICA** )
)
**v.** ) No. 1:02-00019
) **Judge Haynes**
**THOMAS EDWARD WHITE** )

**MOTION OF DEFENDANT THOMAS EDWARD WHITE
TO MODIFY IMPOSED TERM OF IMPRISONMENT**

**COMES NOW** the Defendant, **Thomas Edward White,** by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3582(c)(2), hereby respectfully requests that this Court enter an Order modifying the one hundred twenty (120) month term of imprisonment and impose the alternative sentence of eighty-four (84) months based on the *Booker* decision which declared the sentencing guidelines unconstitutional. In support hereof, Defendant states as follows:

1. On December 28, 2004, this Court imposed the following **alternative** terms of imprisonment:

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 (One Hundred Twenty) Months.
>
> In accordance with the 6th Circuit Court of Appeal's ruling, the court imposes an alternative sentence for a term of 84 (eighty-four) months, if the sentencing guidelines are ruled to be unconstitutional by the U.S. Supreme Court."

*Judgment in a Criminal Case* ( Docket Entry 93 at p.2)

2. In *United States v. Booker*, 125 S.Ct.738 (2005), the United States Supreme Court held that the Sixth Amendment applies to the federal sentencing guidelines scheme that was created by the Sentencing Reform Act of 1984. The Court then severed and invalidated 18

U.S.C. § 3553(b), the provision within the Sentencing Reform Act that required judges to impose sentences within certain sentencing guidelines ranges. In sentencing Defendant White, this Court anticipated such a change in the law and imposed an alternative sentence of eighty-four (84) months after considering the factors set forth in 18 U.S.C. § 3553(a). However, the Bureau of Prisons has refused to follow the alternative sentencing directive in the Judgment and has only recognized the one hundred twenty (120) month term which is stated first under the "Imprisonment" section of the Judgment. (Docket Entry 93).

3. The relief requested in this motion is consistent with the Court's intent as expressed in the original *Judgment in a Criminal Case*. Specifically, 18 U.S.C. § 3582(c)(2) authorizes the Court to modify an imposed term of imprisonment under changed circumstances such as these. The original Judgment should have been self-executing but, unfortunately, the Bureau of Prisons has chosen to ignore the clear intent and order of the Court. Undersigned counsel respectfully suggests that the Court enter an order striking the original language in the "Imprisonment" section of the Judgment and substituting instead the following:

> *"The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **84 (Eighty-Four) Months**."*

**WHEREFORE**, based on the foregoing, Defendant White respectfully requests that this Court enter an Order modifying the one hundred twenty (120) month term of imprisonment and impose the alternative sentence of eighty-four (84) months based on the *Booker* decision which declared the sentencing guidelines unconstitutional.

2

Respectfully submitted,

TUNE, ENTREKIN & WHITE, P.C.
Suite 1700, AmSouth Center
Nashville, Tennessee 37238
(615) 244-2770


BY: s:/ Peter J. Strianse
    PETER J. STRIANSE
    Attorney for Defendant


**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system, if registered, or, if unregistered in the Court's system, it has been sent via facsimile and deposited in the United States Mail, postage prepaid, to:

    William M. Cohen
    Assistant United States Attorney
    110 Ninth Avenue South
    Suite A961
    Nashville, TN 37203


this 18th day of November, 2005.

    /s Peter J. Strianse
    Peter J. Strianse

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:02-00019 |
| | ) | Judge Haynes |
| THOMAS EDWARD WHITE | ) | |

**MOTION OF DEFENDANT THOMAS EDWARD WHITE
TO MODIFY IMPOSED TERM OF IMPRISONMENT**

**COMES NOW** the Defendant, **Thomas Edward White,** by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3582(c)(2), hereby respectfully requests that this Court enter an Order modifying the one hundred twenty (120) month term of imprisonment and impose the alternative sentence of eighty-four (84) months based on the *Booker* decision which declared the sentencing guidelines unconstitutional. In support hereof, Defendant states as follows:

1. On December 28, 2004, this Court imposed the following **alternative** terms of imprisonment:

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 (One Hundred Twenty) Months.
>
> In accordance with the 6th Circuit Court of Appeal's ruling, the court imposes an alternative sentence for a term of 84 (eighty-four) months, if the sentencing guidelines are ruled to be unconstitutional by the U.S. Supreme Court."

*Judgment in a Criminal Case* ( Docket Entry 93 at p.2)

2. In *United States v. Booker*, 125 S.Ct.738 (2005), the United States Supreme Court held that the Sixth Amendment applies to the federal sentencing guidelines scheme that was created by the Sentencing Reform Act of 1984. The Court then severed and invalidated 18

U.S.C. § 3553(b), the provision within the Sentencing Reform Act that required judges to impose sentences within certain sentencing guidelines ranges. In sentencing Defendant White, this Court anticipated such a change in the law and imposed an alternative sentence of eighty-four (84) months after considering the factors set forth in 18 U.S.C. § 3553(a). However, the Bureau of Prisons has refused to follow the alternative sentencing directive in the Judgment and has only recognized the one hundred twenty (120) month term which is stated first under the "Imprisonment" section of the Judgment. (Docket Entry 93).

3. The relief requested in this motion is consistent with the Court's intent as expressed in the original *Judgment in a Criminal Case*. Specifically, 18 U.S.C. § 3582(c)(2) authorizes the Court to modify an imposed term of imprisonment under changed circumstances such as these. The original Judgment should have been self-executing but, unfortunately, the Bureau of Prisons has chosen to ignore the clear intent and order of the Court. Undersigned counsel respectfully suggests that the Court enter an order striking the original language in the "Imprisonment" section of the Judgment and substituting instead the following:

> *"The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **84 (Eighty-Four) Months**."*

**WHEREFORE**, based on the foregoing, Defendant White respectfully requests that this Court enter an Order modifying the one hundred twenty (120) month term of imprisonment and impose the alternative sentence of eighty-four (84) months based on the *Booker* decision which declared the sentencing guidelines unconstitutional.

2

Respectfully submitted,

TUNE, ENTREKIN & WHITE, P.C.
Suite 1700, AmSouth Center
Nashville, Tennessee 37238
(615) 244-2770


BY: s:/ Peter J. Strianse
    PETER J. STRIANSE
    Attorney for Defendant


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system, if registered, or, if unregistered in the Court's system, it has been sent via facsimile and deposited in the United States Mail, postage prepaid, to:

> William M. Cohen
> Assistant United States Attorney
> 110 Ninth Avenue South
> Suite A961
> Nashville, TN 37203

this 18th day of November, 2005.

    /s Peter J. Strianse
    Peter J. Strianse

3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 1:02-00019 |
| | ) | **Judge Haynes** |
| **THOMAS EDWARD WHITE** | ) | |

**MOTION OF DEFENDANT THOMAS EDWARD WHITE
TO MODIFY IMPOSED TERM OF IMPRISONMENT**

  **COMES NOW** the Defendant, **Thomas Edward White,** by and through his undersigned counsel, and pursuant to 18 U.S.C. § 3582(c)(2), hereby respectfully requests that this Court enter an Order modifying the one hundred twenty (120) month term of imprisonment and impose the alternative sentence of eighty-four (84) months based on the *Booker* decision which declared the sentencing guidelines unconstitutional. In support hereof, Defendant states as follows:

  1. On December 28, 2004, this Court imposed the following **alternative** terms of imprisonment:

> "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 (One Hundred Twenty) Months.
>
> In accordance with the 6th Circuit Court of Appeal's ruling, the court imposes an alternative sentence for a term of 84 (eighty-four) months, if the sentencing guidelines are ruled to be unconstitutional by the U.S. Supreme Court."

*Judgment in a Criminal Case* ( Docket Entry 93 at p.2)

  2. In *United States v. Booker*, 125 S.Ct.738 (2005), the United States Supreme Court held that the Sixth Amendment applies to the federal sentencing guidelines scheme that was created by the Sentencing Reform Act of 1984. The Court then severed and invalidated 18

U.S.C. § 3553(b), the provision within the Sentencing Reform Act that required judges to impose sentences within certain sentencing guidelines ranges. In sentencing Defendant White, this Court anticipated such a change in the law and imposed an alternative sentence of eighty-four (84) months after considering the factors set forth in 18 U.S.C. § 3553(a). However, the Bureau of Prisons has refused to follow the alternative sentencing directive in the Judgment and has only recognized the one hundred twenty (120) month term which is stated first under the "Imprisonment" section of the Judgment. (Docket Entry 93).

3. The relief requested in this motion is consistent with the Court's intent as expressed in the original *Judgment in a Criminal Case*. Specifically, 18 U.S.C. § 3582(c)(2) authorizes the Court to modify an imposed term of imprisonment under changed circumstances such as these. The original Judgment should have been self-executing but, unfortunately, the Bureau of Prisons has chosen to ignore the clear intent and order of the Court. Undersigned counsel respectfully suggests that the Court enter an order striking the original language in the "Imprisonment" section of the Judgment and substituting instead the following:

> *"The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **84 (Eighty-Four) Months**."*

**WHEREFORE**, based on the foregoing, Defendant White respectfully requests that this Court enter an Order modifying the one hundred twenty (120) month term of imprisonment and impose the alternative sentence of eighty-four (84) months based on the *Booker* decision which declared the sentencing guidelines unconstitutional.

2

Case 1:02-cr-00019   Document 96   Filed 11/21/05   Page 8 of 9 PageID #: 8

Respectfully submitted,

TUNE, ENTREKIN & WHITE, P.C.
Suite 1700, AmSouth Center
Nashville, Tennessee 37238
(615) 244-2770


BY:  s:/ Peter J. Strianse
      PETER J. STRIANSE
      Attorney for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system, if registered, or, if unregistered in the Court's system, it has been sent via facsimile and deposited in the United States Mail, postage prepaid, to:

William M. Cohen
Assistant United States Attorney
110 Ninth Avenue South
Suite A961
Nashville, TN 37203


this 18th day of November, 2005.

/s Peter J. Strianse
Peter J. Strianse